IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**PERCY ALLEN WILLIAMS, JR.,**

    **Plaintiff,**

    v.                                          CIVIL ACTION NO. 3:11cv565

**ROBERT JONES and GRAHAM C. MULLEN,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

### I. BACKGROUND

On May 27, 2011, the *pro se* plaintiff initiated this civil rights action by filing a civil rights complaint against the above-named defendants in the United States District Court for the Western District of North Carolina pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] In the complaint, Plaintiff alleges that the defendants violated his constitutional rights by denying his § 2254 petition as untimely. Because Plaintiff's complaint raised claims against a district judge from that district, the case was referred to the undersigned in

---

[1] Although Plaintiff refers to his complaint as a Rule 60(b) petition and independent action, the Court finds it can only be properly construed as a Bivens claim. A Rule 60(b) motion must be brought in the action in which the judgment was rendered, and the instant motion was filed in a separate action, so the Rule does not apply. See Indian Head Nat'l Bank of Nashua v. Brunelle, 689 F.2d 245, 248-49 (1st Cir. 1982). Under Rule 60(d), the court could still entertain the motion as an independent action in equity. However, although it is couched as such, there is nothing to indicate Plaintiff is actually pursuing an independent action. Plaintiff is merely dissatisfied with the Court's order dismissing his petition for writ of habeas corpus. Furthermore, independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 47 (1998)(quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). This case does not present a grave miscarriage of justice.

1

the Northern District of West Virginia and assigned to Senior District Judge Frederick P. Stamp, Jr. as presiding judge for the purpose of determining whether Plaintiff has a viable action. This matter is now pending before me for an initial review and Report and Recommendation.

## II. **FACTS**

On December 4, 2003, a jury convicted Williams of attempted first-degree murder, first-degree kidnaping, and assault with a deadly weapon with intent to kill, inflicting serious injury. Also on that date, Williams was sentenced in the Superior Court of Mecklenburg County to consecutive terms of 189 to 236 months and 100 to 129 months, for a total sentence of 289 to 365 months imprisonment.

Williams appealed his case to the North Carolina Court of Appeals on direct appeal, but on July 5, 2006, the court rejected his appeal because it found no error. North Carolina v. Williams, 178 N.C.App. 394 (July 5, 2006). On October 7, 2007, Plaintiff filed a post-conviction collateral attack via a Motion for Appropriate relief in Mecklenburg County Superior Court as well as a Motion to Amend. The Honorable Robert P. Johnson,[2] Mecklenburg County Superior Court Judge, issued orders denying Plaintiff's Motion to Amend and his Motion for Appropriate relief. Williams filed a second Motion for Appropriate Relief but this was also denied. Plaintiff then sought a writ of certiorari from the North Carolina Court of Appeals, but the Court of Appeals denied his certiorari petition. Plaintiff also sought discretionary review by the North Carolina Supreme Court, but the North Carolina Supreme Court dismissed his petition for review.

Then, on January 8, 2009, Williams filed a writ under 28 U.S.C. § 2254 in the United States District Court for the Western District of North Carolina, civil action number 3:09-CV-6, seeking

---

[2]Plaintiff's complaint names "Robert Jones" as a Defendant, but the Court assumes he meant to name Judge Robert Johnson as a Defendant.

to challenge his December 4, 2003 convictions for attempted first-degree murder, first-degree kidnapping, and assault with a deadly weapon with the intent to kill, inflicting serious injury. On January 13, 2009, Defendant Graham C. Mullen, Senior Judge on the United States District Court for the Western District of North Carolina, entered a judgment dismissing Plaintiff's habeas petition as untimely. On June 11, 2009, Williams gave notice of his intent to appeal his case to the Fourth Circuit Court of Appeals. Although his appeal was untimely, Williams filed a motion to re-open the time for him to file an appeal because he claimed he never received notice of the dismissal. This motion was granted and Plaintiff's appeal was deemed timely filed. However, on October 27, 2009, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal.

Williams also appealed the Senior District Judge's order denying his motions for release pending appeal, for permission to appeal in forma pauperis, and to appoint counsel. On August 9, 2010, the Court of Appeals declined to issue a certificate of appealability and dismissed the appeal. On May 11, 2010, Williams filed a Motion for Certificate of Appealability. On June 3, 2010, Judge Graham C. Mullen denied his request for a certificate of appealability, stating that he was not entitled to appeal the state court's determinations to the Fourth Circuit Court of Appeals in this manner and the Circuit Court has already approved his dismissal of Williams' § 2254 Petition. On March 28, 2011, Williams filed a Motion for Recusal and on April 22, 2011, he filed a Motion for Relief from Judgment Pursuant to Rule 60(b). On April 28, 2011, Judge Mullen issued an order denying both of those motions. The instant Rule 60(b) Petition, docketed in case number 3:11-cv-565 as a separate civil rights claim, was filed on May 27, 2011.

## III. ANALYSIS

A.  Claims against Defendant Robert Johnson

Plaintiff named Robert Johnson, former Mecklenburg County Superior Court Judge, as a defendant in his original complaint in civil action number 3:09-cv-6, however, although Plaintiff mentions Judge Robert Johnson on page thirty of the instant complaint when discussing his prior appeals, there is no claim against this defendant. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a § 1983 case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)(internal citation omitted). Therefore, in order to establish liability, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423

U.S. 362 (1976).

In this case, Plaintiff makes no allegations that defendant Judge Robert Johnson took any actions that violated his constitutional rights. In fact, apart from mentioning his name in passing on page thirty of the complaint when discussing his prior appeals, defendant does not state any personal involvement by Judge Johnson and has made no effort to show a causal connection between the harm he alleges and any conduct by Judge Johnson. Without more than this naked assertion by Plaintiff that he has a claim of some type against Judge Johnson, he has failed to state a claim against him, and this Court must recommend that Judge Johnson be dismissed as a defendant in this case.

B. <u>Claims against Judge Mullen</u>

The next issue posed to this Court is whether Williams can maintain a civil rights against Senior District Judge Mullen based on his claim the judge denied him due process by denying his habeas petition as untimely. As a general rule, judges enjoy absolute immunity from civil actions for damages challenging their judicial acts, "even where such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978)(internal citations omitted). In addition, "[j]udicial immunity is immunity from suit, not just the ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991). In this case, Judge Mullen is entitled to absolute judicial immunity from Williams' claim for monetary relief. Judge Mullen was exercising judicial jurisdiction and acting in a judicial manner when he made his ruling. <u>Forrester v. White</u>, 484 U.S. 219 (1988); <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). Based on the foregoing, the Court finds that the judge is entitled to immunity from Plaintiff's claims and recommends that Plaintiff's claims be dismissed.

C.  Other Motions on the Docket

Williams has also filed a Motion for Service of Process (Dkt. No. 4), a Motion to Amend Civil Docket Sheet (Dkt. No. 10), a second Motion for Service of Process (Dkt. No. 11), a Motion for Judgment on the Pleadings (Dkt. No. 12), and a Motion Ordering the Release of Petitioner Pending Disposition of his Rule 60(b) Independent Action (Dkt. No. 13).[3] Because this Court recommends that Williams' claims should be denied and dismissed with prejudice, it also orders that docket numbers 4, 10, 11 and 13 be denied as moot, and it recommends that docket number 12 be denied as moot.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Rule 60(b) motion and civil rights claim be **DENIED and DISMISSED WITH PREJUDICE** and that the Motion for Judgment on the Pleadings be **DENIED AS MOOT**.

## V. ORDER

This Court **ORDERS** that Plaintiff's Motion for Service of Process, Motion to Amend Civil Docket Sheet, Second Motion for Service of Process, and Motion Ordering the Release of Petitioner Pending Disposition of his Rule 60(b) Independent Action be **DENIED AS MOOT**.

On or before **February 24, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Report and Recommendation and Order to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to

---

[3] Williams also filed a Motion for Abeyance and a Motion to Reopen the Time to File an Appeal, however on December 22, 2011, he filed a Notice of Voluntary Dismissal of those motions. Accordingly, those motions have been terminated.

timely file objections to the Report and Recommendation and Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation and Order. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation and Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 10, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE