IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

PERCY ALLEN WILLIAMS, JR.,

    Plaintiff,

v.                                        Civil Action No. 3:11CV565
                                                      (STAMP)
ROBERT JONES and GRAHAM C. MULLEN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On May 27, 2011, the pro se[1] plaintiff filed this civil rights action which alleges that the defendants' denial of his § 2254 petition as untimely violated his constitutional rights. The plaintiff named a senior district judge from the Western District of North Carolina as a defendant in this action, and as such, the case was assigned to the undersigned district judge for the Northern District of West Virginia.

The complaint was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Civil Procedure 72.1. Although the plaintiff's complaint was styled as a Rule 60(b) motion, because Rule 60(b) motions must be brought in the action in which the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

challenged judgment was rendered, and the instant action was filed independently, the magistrate judge construed the complaint as filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Indian Head Nat'l Bank of Nashua v. Brunelle, 689 F.2d 245, 248-49 (1st Cir. 1982). After preliminary review, Magistrate Judge Seibert entered a report recommending that this civil action be summarily dismissed with prejudice.

The plaintiff filed timely objections to the magistrate judge's recommendations. The plaintiff's objections do not challenge the content of Magistrate Judge Seibert's recommendations, but rather challenge his authority to review this matter and to enter a report giving his recommendations to this Court.

## II. Facts

The plaintiff was convicted by a jury on December 4, 2003 of attempted first-degree murder, first-degree kidnaping and assault with a deadly weapon with intent to kill, inflicting serious injury. He was sentenced to a total of 289 to 365 months imprisonment as a result. After a direct appeal was denied, the plaintiff filed a collateral attack of his conviction by way of a motion for appropriate relief in Mecklenburg County Superior Court as well as a motion to amend. Mecklenburg County Superior Court Judge Robert P. Johnson denied both of these motions. After a

2

second motion for appropriate relief was denied and both the North Carolina Court of Appeals and the North Carolina Supreme Court denied further review, the plaintiff filed a writ under 28 U.S.C. § 2254 in the United States District Court for the Western District of North Carolina.

Following these denials, the plaintiff filed a petition for a writ under 28 U.S.C. § 2254 in the United States District Court for the Western District of North Carolina on January 8, 2009, challenging his convictions of December 4, 2003. Defendant Graham C. Mullen ("Mullen"), Senior Judge, dismissed the plaintiff's petition as untimely. The plaintiff appealed this dismissal, but the United States Court of Appeals for the Fourth Circuit denied his request for a certificate of appealability and dismissed the appeal. After the plaintiff was denied a certificate of appealability for appeal on other motions denied by defendant Mullen, he filed a motion for recusal and a motion for relief from judgment pursuant to Rule 60(b). Defendant Mullen denied both of these motions as well, and the instant petition docketed in Civil Action No. 3:11CV565 as a separate civil rights claim, was filed on May 27, 2011.

### III. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Any findings and

3

recommendations to which no party has objected will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the plaintiff's only objections to the magistrate judge's report and recommendation were that he lacks the authority to make such recommendations, this Court will analyze the plaintiff's objections then review the magistrate judge's recommendation for clear error.

## IV. Discussion

### A. Plaintiff's Objections

The plaintiff objects to Magistrate Judge Seibert's authority to render his report and recommendation. First, he claims that he did not consent to the reference of this action to the magistrate judge. However, the consent of the parties to an action is not necessary for this reference when the magistrate judge's findings are proposed to the presiding district judge as recommendations rather than final determinations of the disposition of civil actions. See 28 U.S.C. § 636(b)(1)(B); and L. R. Civ. P. 72.1(3). Accordingly, this Court has the authority to refer this case to the magistrate judge for report and recommendation without the consent of the plaintiff.

The plaintiff also asserts that magistrate judges only have power over the "issues that happen on federal property," and because "this action originated in the N.C. Dept. of Correction against the State of North Carolina," Magistrate Judge Seibert

4

seemingly did not have authority to consider it. The plaintiff cites to a Supreme Court case, O'Donohue v. United States, 289 U.S. 516 (1933), as apparent support for this contention. However, the O'Donohue case concerned the compensation of "territorial" judges, specifically judges for the court system within the District of Columbia, which are appointed by the President and approved by the United States Senate pursuant to Art. IV, § 3, Cl. 2. In fact, United States Magistrate Judges are not even mentioned in this opinion. Title 28, United States Code, Section 636 also wholly opposes the plaintiff's contention, because it authorizes magistrate judges to hear and render recommendation on "any pretrial matter pending" before the district court. This would obviously include matters before the district court which did not happen on federal property.

Further, even if the plaintiff's contention that United States Magistrate Judges could only review cases "issues that happen on federal property" had merit, this case is a challenge to a ruling of a federal district judge. The plaintiff alleges that the "action originated in the N.C. Dept. of Correction against the State of North Carolina." However, the case upon which the magistrate judge rendered his recommendation does not challenge these original matters, but only deals with the dismissal of his case by the federal district judge. Accordingly, it stands to reason that the issues of this case did, in fact, happen on federal

5

property. Accordingly, Magistrate Judge Seibert has the authority to render his recommendation.

Finally, the plaintiff asserts that the magistrate judge's recommendations are "void" because "28 USC 636 [sic] conflicts with the <u>Declaration of Independence of 1776</u>" and because Magistrate Judge Seibert "committ[ed] fraud upon the court in collusion with defendant Graham C. Mullen." (ECF No. 15-1 *2) Both of these allegations are unsupported and frivolous. The plaintiff has presented no support for his allegations of fraud and collusion outside of his bald assertions and this Court finds no evidence of the same. Further, any apparent conflict between a statute and the Declaration of Independence does not make the statute ineffective or invalid. Accordingly, the plaintiff's objections are overruled.

B. <u>Magistrate Judge Seibert's Recommendations</u>

After review of the magistrate judge's recommendations, this Court finds that they are without clear error, and thus will affirm and adopt the report in its entirety.

The magistrate judge first found that the plaintiff's named defendant Robert Jones must actually be Robert Johnson, the former Mecklenburg Superior Court Judge who denied the plaintiff's collateral attack upon his December 4, 2003 conviction. This conclusion was based upon the fact that the plaintiff did not mention any person by the name of Robert Jones throughout his entire complaint, save for the caption. Magistrate Judge Seibert

6

then concluded that the plaintiff had failed to allege a cause of action against Robert Johnson because he had not alleged any personal wrongdoing on his part. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (citation and internal quotations omitted) (liability in a Bivens action is "personal, based upon each defendant's own constitutional violations"). This Court agrees and also notes that the plaintiff asserts in his objections that he never listed Robert Johnson as a defendant in this case. Accordingly, in addition to this Court's finding that the magistrate judge's opinion is not clear error, this Court finds that no cause of action has been alleged against a Robert Jones. In fact, this Court is not even able to ascertain who Robert Jones is or what connection such person would have to this action. Accordingly, Robert Jones is dismissed as a defendant to this action.

With regard to the remaining defendant, Senior District Judge Graham C. Mullen, the magistrate judge found that all claims raised against him in the complaint are barred by absolute judicial immunity. This Court again agrees with and affirms the magistrate judge. All claims that have been raised against defendant Mullen allege constitutional violations resulting from Judge Mullen's denial of the plaintiff's habeas petition. Any such claim, even if it alleges that the defendant's denial was "in excess of [his] jurisdiction, and . . . done maliciously or corruptly," cannot be

7

maintained. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (internal citations omitted). No matter what the decision made by Judge Mullen or his motivation behind it, the dismissal was nonetheless a judicial act, and he is therefore immune from suit as a result. See Forrester v. White, 484 U.S. 219 (1988). Accordingly, this defendant and all claims against him are also dismissed.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE. The plaintiff's motion petitioning district court to issue an order for judicial officials to file a tax report (ECF No. 16) is DENIED AS MOOT because this civil action has been dismissed for lack of merit. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

8

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 10, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE